CHARLES J. SCHUCK, Judge.
Claimant, a former employee of the state road commission, prosecutes his claim on the theory that he was not paid his salary and expenses in accordance with an unwritten contract or understanding had at the time such employment began, about April 1, 1941.
The claim as originally filed was in the amount of $569.00, and at the time of the hearing amended to include an additional $1800.00, to which claimant maintained he was entitled; the increase being computed at the rate of $100.00 per month, for the eighteen months he was so employed. As stated no written contract was entered into between claimant and the road commission, and we must therefore look solely to the testimony of the witnesses to ascertain the merit or lack of merit of *338 the claim as based on the alleged oral understanding. The item of $50.00 for expenses alleged to have been incurred “fact-finding” in the state library was stricken from the claim by the court without objection, on the ground that no state department was involved and that the state could not in any sense be held liable for the payment of the expense in question.
Considering, now, the question of the amount of the salary to be paid, claimant maintains that he was to be paid $250.00 per month for his services, plus expenses, which proposition is emphatically denied and contradicted as to the amount of the monthly salary by the commissioner, Ernest L. Bailey, with whom the alleged contract or understanding was made.
Without going into all the details of the testimony contradicting claimant on the amount of the salary, it is sur-passingly strange that for eighteen months the claimant received and accepted a salary of $150.00 per month as fixed by the commissioner, cashed his checks in the aforesaid amount, thereby, to all appearances, agreeing, at least from month to month, with the salary as paid, and at no time made any claim in any monthly requisitions to the state for the alleged additional salary. True, he states that he made a claim to Bailey, but this statement is again repudiated by Bailey, with the explanation that at no time was claimant’s salary to be increased, owing to the nature and lack of efficiency of claimant’s work and efforts. The employment was at the will and pleasure of the parties concerned. It could be terminated at any time by either, yet, notwithstanding this fact claimant worked on for eighteen months without exercising any right to quit; received and accepted his monthly checks in the amount as fixed by the commissioner, and therefore under all the circumstances, and in view of all the testimony as received by us, is not entitled to the item of $1800.00 for additional salary.
As to the expense account of $519.00, the testimony shows that on many statements furnished by claimant from time to time, items were stricken out or deleted by those in author *339 ity and changes frequently made when improper and incollectible items of expense had been included in the statements by claimant. Among these were entries for candies and flowers given without authority by claimant and charged in his expense account against the department involved; also the incurring of daily expenses in excess of those allowed and fixed and beyond which claimant could not go without making himself personally liable for the excess. However, no matter what the testimony or its value may be as offered by witnesses against claimant on the expense items, we are again confronted by his own acts in accepting from month to month payments of his expense accounts as changed by his superiors, and which acceptance under all the facts is binding on him and conclusive as to the amount or amounts of expenses involved. Accordingly, he has been paid in full. No proper items of expense are due or payable to him by reason of his employment in the road department.
We, therefore, refuse an award.